IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>ISRAEL DEWAYNE MILEAGE,<br><br>          Defendant. | 4:13-CR-3032<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on a letter from the defendant, which has been docketed as a motion for miscellaneous relief. Filing 75. The defendant asks the Court to issue a revised presentence investigation report (PSR). For the reasons discussed below, the defendant's request will be denied.

  The defendant was charged in a three-count superseding indictment with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841; conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846; and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Filing 23. The defendant pleaded guilty to the first count and the government dismissed the remaining counts. *See* filing 49.

  According to the PSR, during a search of the defendant's apartment, police found a loaded handgun in the defendant's bedroom. PSR at ¶ 35. The PSR therefore recommended that the defendant receive a two-level sentencing enhancement for possession of a firearm in connection with a controlled substances offense, pursuant to U.S.S.G. § 2D1.1(b)(1). PSR at ¶ 44.

  The defendant has asked that the Court provide him with a new PSR that omits any reference to the firearm. The defendant explains that, because the PSR states he possessed a firearm, the Bureau of Prisons has found him to be ineligible for early release under 18 U.S.C. § 3621(e). But it is too late to object to the PSR now, and the Court has no authority to revise the PSR in the manner requested.

  Prior to sentencing, the defendant adopted the PSR, certifying that he had no objections to the facts stated therein. Filing 58. Those facts were therefore deemed admitted for sentencing purposes. *United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005). And at sentencing, the Court adopted the facts

stated within the PSR, if not its recommended sentence. The Bureau of Prisons was entitled to use those facts in determining Mileage's eligibility for early release from that sentence. *Cf. Lopez v. Davis,* 531 U.S. 230 (2001).

The defendant argues that it is unfair to "punish [him] for a crime that [he was] not convicted of." Filing 75 at 1. But in actuality, a court may sentence a defendant based upon any relevant conduct, and that relevant conduct may include uncharged, dismissed, and even acquitted conduct. *See United States v. Thomas,* --- F.3d ----, 2014 WL 3704039, at *8 (8th Cir. July 28, 2014). Accordingly,

IT IS ORDERED:

1. The defendant's motion for miscellaneous relief (filing 75) is denied.

2. The Clerk's office shall mail a copy of this memorandum and order to the defendant at his address of record.

Dated this 9th day of September, 2014.

BY THE COURT:

*/s/ John M. Gerrard*
John M. Gerrard
United States District Judge

- 2 -